UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY GRAY,<br>        Plaintiff,<br><br>    v.<br><br>UNIT MANAGER JACKSON, et al.,<br>        Defendants. | No. 3:16-cv-00874 (SRU) |

## INITIAL REVIEW ORDER

The plaintiff, Gary Gray, incarcerated and *pro se*, has filed a complaint pursuant to 42 U.S.C. § 1983 against Unit Manager Jackson and the University of Connecticut Medical Hospital/Health Care Center. For the reasons set forth below, I dismiss Gray's complaint.

Pursuant to 28 U.S.C. § 1915A(b), I must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial

plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Gray alleges that in January 2014, he was a pretrial detainee and was confined at MacDougall Correctional Institution. He states that he had been diagnosed with cancer prior to his incarceration, but the condition was in remission. He asserts that once a week, Unit Manager Jackson gave him a watered-down cleaning fluid to clean his cell as well as cleaning supplies that had been used previously by other inmates. He contends that the supplies were not sanitized between uses and were hazardous.

On or about January 20, 2014, Gray cut himself shaving. At the time, he was using a razor provided to him by a correctional officer. Within a day or two, the cut became irritated and he began to feel feverish and weak. Gray claims correctional staff did not monitor him sufficiently and his condition became worse over the next four days.

On January 27, 2014, prison staff escorted him to the medical department and admitted to the infirmary. On January 28, 2014, a nurse diagnosed Gray as suffering from pneumonia and a physician directed medical staff to call an ambulance to transfer Gray to John Dempsey Hospital for treatment. At the hospital, physicians diagnosed Gray as suffering from pneumonia and Methicillin-Resistant Staphylococcus Aureus ("MRSA").

Gray remained in the hospital until February 12, 2014. When he arrived back at MacDougall, a physician ordered Gray to be confined in the infirmary for a short stay and to be

isolated from other inmates and staff because he still suffered from MRSA and was recovering from a thoracotomy that had been performed in the hospital.

Gray seeks compensatory damages and injunctive relief. For the reasons set forth below, I dismiss Gray's complaint with leave to amend.

**I.      Official Capacity Claims**

To the extent that Gray seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979); *see generally Kentucky v. Graham*, 473 U.S. 159 (1985). I dismiss all such claims pursuant to 28 U.S.C. § 1915A(b)(2).

**II.     University of Connecticut Medical Hospital/Health Care Center**

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). A state agency is not a person within the meaning of section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).

The University of Connecticut Health Center is a state agency, of which the University of Connecticut John Dempsey Hospital constitutes an integral part. *See Walker v. State of Connecticut*, No. 06-cv-00165, 2006 WL 1981783, at *2 (D. Conn. Mar. 15, 2006) ("Like other state agencies, the University of Connecticut Health Center is not a person within the meaning of section 1983." (citations omitted)); *Stewart v. John Dempsey Hospital*, No. 03-cv-1703, 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (Eginton, J.); *see also Ruby v. Massey*, 452 F. Supp. 361, 364 (D. Conn. 1978). Because the University of Connecticut Health Center is a state

agency, it is not a person subject to suit under section 1983. *See Walker,* 2006 WL 1981783, at *2; *Stewart*, 2004 WL 78145, at *2 (holding that John Dempsey Hospital, as part of the University of Connecticut Health Center, "is not a person within the meaning of section 1983"). Accordingly, I dismiss the claims against the University of Connecticut Medical Hospital/Health Care Center for lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

### III.   Unit Manager Jackson

Gray asserts claims related to Unit Manager Jackson's deliberate indifference to his safety and health. He alleges that Jackson's conduct violated his Eighth and Fourteenth Amendment rights. With regard to the former, Gray was a pretrial detainee at the time the alleged conduct occurred. Because Gray was a pretrial detainee in a state correctional facility, the Due Process Clause of the Fourteenth Amendment—rather than the Eighth Amendment—is the source of his constitutional protections for conditions of confinement claims. *See Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Accordingly, Gray's allegations that Jackson violated his Eighth Amendment rights are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

As for the Fourteenth Amendment, because "[a] person lawfully committed to pretrial detention has not been adjudged guilty of any crime," the Due Process Clause dictates that he or she may not be punished in any manner—neither cruelly and unusually, nor otherwise. *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979). "Not every disability imposed during pretrial detention," however, "amounts to 'punishment' in the constitutional sense." *Id.* at 537. In the absence of an allegation that the defendant verbally expressed his intent to punish, a court may infer punitive intent if the actions of the defendant either are "not rationally related to a legitimate nonpunitive governmental purpose," or else "appear excessive in relation to that purpose." *Id.* at 561. If the

4

actions of the defendant or the conditions of confinement do not constitute punishment, the detainee's allegations regarding the conditions of confinement are analyzed under the standard of deliberate indifference set forth for Eighth Amendment claims in *Farmer v. Brennan*, 511 U.S. 825 (1994). *See Caiozzo*, 581 F.3d at 72 (adopting Eighth Amendment deliberate indifference to health or safety standard set forth in *Farmer* to Fourteenth Amendment due process claim asserted by pretrial detainee); *Moran v. Livingston*, 155 F. Supp. 3d 278, 291 (W.D.N.Y. 2016) ("If the conditions do not amount to punishment, allegations that defendants have denied plaintiff access to basic human needs are evaluated under a standard of deliberate indifference. (internal quotation marks and citation omitted)).

To state a conditions of confinement claim under the deliberate indifference standard, an inmate must first establish that a prison official denied him "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal citations and quotation marks omitted). Then, the inmate must show that the official acted with subjective "deliberate indifference to [his] health or safety" in that the official knew the inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 834, 847 (internal citations and quotation marks omitted).

Here, Gray claims that Unit Manager Jackson gave him a watered-down cleaning solution each week to clean his cell, as well as supplies that had been used for cleaning by another inmate moments before Gray received them. Gray contends that Jackson should have been aware of the "hazards associated with unclean cleaning products and equipment." Compl., Doc. No. 1 at 3.

As an initial matter, Gray has put forth no facts to suggest that Jackson's conduct caused him to contract MRSA or pneumonia. Furthermore, the facts Gray has alleged do not state a

5

plausible claim that Jackson, by providing Gray with a diluted cleaning solution and supplies that did not meet his standard of cleanliness, imposed punitive conditions of confinement.

Moreover, even were I to assume that Unit Manager Jackson created an environment in which Gray's health might be endangered (because he would be more likely to contract MRSA or pneumonia), Gray has not alleged that Jackson *deliberately* or *intentionally* disregarded a risk to his health or safety. Rather, at most, the conduct constituted a lack of due care or negligence. Inadvertent or negligent conduct which causes injury does not support a section 1983 action. *See Farmer*, 511 U.S. at 835 ("deliberate indifference requires more than mere negligence"); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."); *Daniels v. Williams*, 474 U.S. 327, 330–36 (1986) (due process protections not triggered by lack of due care by state officials); *Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) ("Negligence does not, however, satisfy the scienter requirement necessary to support a claim for cruel and unusual punishment." (internal quotation marks and citation omitted)).

Furthermore, Gray has made no allegation that Jackson was aware of Gray's medical symptoms subsequently found to indicate pneumonia, or that Jackson failed to take action to ensure that Gray received medical treatment in a timely manner. Thus, Gray has not stated a plausible claim that Jackson was deliberately indifferent to his health or safety. I dismiss all claims against Unit Manager Jackson because they lack an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

**IV.    Section 1985 and 1986 Claims**

In addition to his section 1983 claims, Gray states that he brings this action under 42

U.S.C. §§ 1985 and 1986. Section 1986 provides no substantive rights, however. "A valid [section] 1986 claim must be predicated upon a valid [section] 1985 claim." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (citation omitted).

The first two subsections of 42 U.S.C. § 1985 clearly are irrelevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties, while section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Gray is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

In order to state a claim under section 1985(3), a plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws; (3) there was an overt act taken in furtherance of the conspiracy; and (4) there was an injury to the plaintiff or his property, or a deprivation of the plaintiff's right or privilege. *See Mian*, 7 F.3d at 1087–88. In particular, the plaintiff must show that the conspiracy was motivated by a "racial or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 1088 (internal quotation marks and citation omitted). Section 1985(3) may not be construed as a "general federal tort law" and does not provide a cause of action based on the denial of due process or other constitutional rights. *See Griffin v. Breckinridge*, 403 U.S. 88, 101–02 (1971).

Gray asserts no facts to support a claim of any conspiracy on the part of the defendants. Nor does he allege that the actions of any defendant were taken because of Gray's race or other class-based discriminatory animus. Thus, Gray fails to state a claim cognizable under section 1985(3). Because Gray has not stated a section 1985 claim, his section 1986 is not actionable.

7

Both the sections 1985 and section 1986 claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## IV. Section 1988 Claims

Gray further asserts that he brings this action under 42 U.S.C. § 1988. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil rights cases (where appropriate) in conformity with federal or state law. This section does not, however, provide an independent cause of action. *See Moor v. Alameda County*, 411 U.S. 693, 702–06, *reh'g denied*, 412 U.S. 963 (1973). If Gray is seeking attorney fees pursuant to section 1988(b), his claim also fails. A *pro se* litigant is not entitled to attorney fees under section 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). I dismiss Gray's section 1988 claims pursuant to 28 U.S.C. § 1915A(b)(1).

## V. Conclusion

It is hereby ordered that:

**(1)** The claims against all defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over any state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts). The Motion for Appointment of Counsel [**Doc. No. 7**] is **DENIED** as moot.

Because Gray suggests that correctional staff and/or medical staff ignored his symptoms and complaints of weakness and fever for five days before he was admitted to the medical infirmary, I will permit Gray leave to file an amended complaint to name those staff members who allegedly ignored his symptoms for five days. The amended complaint must include the

names of each defendant involved, the dates that Gray sought treatment or made his symptoms known to each defendant, and each defendant's response to his requests. If Gray chooses to file an amended complaint, it must be filed together with a motion to reopen the judgment, within thirty days of the date of this order.

**(2)** The Clerk is directed to enter judgment for the defendants and close this case.

So ordered.

Dated at Bridgeport, Connecticut this 24th day of October 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
